UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SHEENA ELMORE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-00347 |
| | § | |
| ALEX GORSKY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION TO REMAND

Before the Court is Plaintiff's Motion to Remand (D.E. 6). The question posed by the Defendants' removal to this Court under diversity jurisdiction is whether Plaintiffs have stated a viable claim against Luis Verdooren, an individual who is a Texas citizen and, thus, non-diverse.[1] For the reasons stated below, the Motion is GRANTED.

**A. Standard of Review.**

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*,

---

[1] Plaintiffs have filed, without first obtaining leave, their Second Amended Complaint (D.E. 4). For purposes of determining whether the Court has diversity jurisdiction to support the Defendants' removal, only the pleading of record at the time of removal may be considered. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71, 124 S.Ct. 1920 (2004); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Thus the Court disregards the Second Amended Complaint for purposes of this Order and does not consider claims made against other non-diverse defendants named in the Second Amended Complaint.

326 F.3d 644, 646-47 (5th Cir. 2003)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Only the second method is at issue here.

The Court resolves this matter by evaluating "all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)); *see also Boone*, 416 F.3d at 388; *Smallwood*, 385 F.3d at 573. In determining whether a viable claim has been made against a non-diverse defendant, the state pleading is evaluated pursuant to state substantive law. *Paxton v. Weaver*, 553 F.2d 936, 940 (5th Cir. 1977). The Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of [his or her state law] claim, but look[s] only for a possibility that the plaintiff might do so." *Guillory*, 434 F.3d at 308. Ordinarily, if the plaintiff can survive the pleading evaluation, there is no improper joinder. *See Smallwood*, 385 F.3d at 573. If Defendants fail to establish improper joinder, then there is not complete diversity of citizenship among the parties, and the Court must remand the action for lack of subject-matter jurisdiction. *See* 28 U.S.C. §§ 1332, 1447(c).

### B. Viability of the Claim as Pled Against Verdooren.

Plaintiff has sued Luis Verdooren as a pharmaceutical sales representative for actions taken with respect to advancing the off-label use of Risperdal. The relevant allegations are stated in the Plaintiff's First Amended Original Petition (D.E. 1-3) filed in state court, which is the operative pleading for this jurisdictional question. *Grupo Dataflux, supra; Cavallini, supra*. Plaintiff alleges that Verdooren willingly and

knowingly participated in an illegal off-label marketing and selling scheme for Risperdal. Plaintiff specifically alleges that Verdooren knew or should have known of unreasonably dangerous side effects in children and failed to warn physicians of this danger, causing damages to Plaintiff.  D.E. 1-3, pp. 20-21.  Further, Plaintiff alleges that Verdooren exercised direct involvement and control over off-label Risperdal sales and marketing.

Under Texas products liability laws, a non-manufacturing seller can be held liable for injuries caused by a product if (1) the seller actually knew of a defect in the product at the time the seller supplied the product; and (2) the plaintiff's injuries resulted from the defect.  *See* Tex. Civ. Prac. & Rem. Code § 82.003(a)(6).  *See also Del Bosque v. Merck & Co.*, 2006 WL 3487400, 2006 U.S. Dist. LEXIS 87154 (S.D. Tex. Dec. 1, 2006).  In *Del Bosque*, the Court found that allegations against pharmaceutical representatives similar to those in this case were viable product liability claims, which establish an independent duty owed by the representatives to the plaintiff under Texas law.  *Id.*, 2006 WL at *2, n.2.

Defendants dispute the applicability of the *Del Bosque* holding and instead rely on *Budd v. Wyeth*, 2003 U.S. Dist. LEXIS 26778 (W.D. Tex. Sept. 16, 2003) and *Morrow v Wyeth*, 2005 WL 2621555 (S.D. Tex. Oct. 13, 2005).  In *Morrow*, the court addressed garden variety claims of negligence, design and marketing defects, and inadequate or improper warnings.  The court held:  "The TSR Defendants in this case had no duties separate from those of the Corporate Defendants and therefore cannot be liable for negligence or for failure to warn."  *Morrow*, at *4.  That case did not include allegations of fraud, illegality, or direct control over off-label sales.  It is thus distinguishable.

Likewise, in *Budd v Wyeth*, the court read the allegations to state that the sales representatives did nothing more than pass along the information supplied by Wyeth. *Budd, supra* at *9-10. Without more active, knowing conduct, the pleading did not raise an independent duty to the plaintiff. Here, however, the Plaintiffs allege that Verdooren participated in illegal activities, willingly and knowingly, controlling off-label sales. The allegations here surpass those in *Budd*, distinguishing that case.

Construing the allegations liberally in the light most favorable to Plaintiffs, the Court concludes that Plaintiffs could conceivably recover against Verdooren as an in-state sales representative pursuant to Texas product liability law. *Morrow* and *Budd* are distinguished and *Del Bosque* supports this conclusion.

**C. Additional Defensive Matters.**

Defendants go beyond the Plaintiffs' pleading, arguing that they have legal or factual defenses that will prevent Plaintiffs from recovering. It is true that, in the context of evaluating a fraudulent joinder claim and diversity jurisdiction, the Court may pierce the pleadings and consider summary judgment evidence. *E.g., B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, summary judgment evidence must be admissible. Fed. R. Civ. P. 56(c)(2).

While Verdooren's representations regarding his domicile and the date he began detailing Risperdal are admissible evidence, they do not eliminate the Plaintiffs' claims. D.E. 19-1. Plaintiffs allege that the conduct about which they complain began in 2003. They did not allege—and the Defendants have not independently established—an end date after which representations about, and sales of, Risperdal are no longer causally

related to the Plaintiffs' damages.  Thus Verdooren's work as a salesman for Risperdal beginning in 2006 may be actionable.  The Court cannot say definitively that Verdooren's affidavit eliminates any claims against him based on his dates of employment.

With respect to Verdooren's denials of substantive wrongdoing, he offers two sentences.  In one, he globally denies the truth of Plaintiffs' allegations.  In the other, he denies any direction from Defendant Alex Gorsky or communication with him.  Such self-serving or conclusory statements made in affidavits are not admissible and are not proper summary judgment evidence.  *E.g., Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002).  Thus they are not probative.  Furthermore, the specific denials with respect to Gorsky, even if true, do not eliminate all of the claims made against Verdooren for his own conduct.  Defendants have failed to demonstrate that Plaintiffs cannot recover against Verdooren as a matter of fact.

As a matter of law, Defendants advance the affirmative defense of *Mensing* preemption. D.E. 19, p. 10.  *See generally, PLIVA, Inc. v. Mensing*, 131 S.Ct. 2567, 2587 (2011).  In this respect, Defendants argue that anything and everything that Verdooren might have done with respect to Risperdal is, *ipso facto*, "labeling," and is thus a matter preempted by federal law. D.E. 19, p. 12.  On this record, the Court declines to find that any and all conduct that falls within the Plaintiffs' allegations of promoting Risperdal for *off*-label uses in an illegal scheme necessarily fall within the concept of the regulation of labeling.  Without affording the Plaintiffs an opportunity to conduct discovery and present their case, finding improper joinder would be premature and contrary to the rules requiring the construction of issues against removal jurisdiction.

### D. Conclusion

For the reasons set out above, and mindful of the substantial burden borne by the Defendants in making a claim of improper joinder, the Court GRANTS Plaintiffs' Motion to Remand (D.E. 6). This action is ORDERED remanded to the County Court at Law Number One, Nueces County, Texas, the court from which it was removed.

ORDERED this 17th day of December, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE